MATTER OF FRISCH

Application for Classification as Refugee

A-12108899

*Decided by Regional Commissioner January 19, 1967*

Since applicant—a native and citizen of Yugoslavia, who entered the United States as a nonimmigrant student in possession of a Yugoslav passport and an exit and reentry visa; who subsequently applied for and was granted extensions thereof by the Yugoslav authorities; and who testified she had never been subject to persecution and that not until after 2 years in this country did she decide she did not wish to return to Yugoslavia—has not established that she fled from Yugoslavia because of persecution or fear of persecution on account of race, religion or political opinion, she is statutorily ineligible for refugee classification under the proviso to section 203(a)(7), Immigration and Nationality Act, as amended.

ON BEHALF OF APPLICANT: Edward S. Yambusic, Esquire
3410 Lorring Drive, S.E., Apt. 201
Washington, D.C. 20028

This matter is before the Regional Commissioner for review on certification by the District Director of his decision denying the application for refugee classification under section 203(a)(7) of the Immigration and Nationality Act, as amended.

The applicant is a citizen of Yugoslavia, born October 17, 1944 in Krizevci, Yugoslavia. She entered the United States January 23, 1961 as a nonimmigrant student and was thereafter authorized to remain in that status until March 27, 1965. She graduated from the Julia Richmond High School in June 1964. She has since remained in the United States.

Deportation proceedings were instituted October 15, 1964 by the Service of an order to show cause. The deportation hearing was commenced October 22, 1964 and completed initially on November 16, 1964. The hearing was reopened and again completed July 1, 1965. The Special Inquiry Officer then deferred his decision. In connection with the pending deportation proceedings, the Special Inquiry Officer on January 20, 1966 addressed a letter to counsel calling the latter's attention to the provisions of Section 203(a)(7) of the Immigration

and Nationality Act, as amended by PL 89-236 of October 3, 1965, and to an amendment of the relating regulations (8 CFR 245.1). Counsel was informed that if the application for refugee status were made to the District Director and approved a motion could then be submitted for a further reopening of the deportation hearing to apply for adjustment of status to that of a permanent resident under section 245 of the Act. The application for refugee classification on Form I-590A was received March 6, 1966 and referred to the District Director for his consideration.

Section 245.4, Title 8, Code of Federal Regulations, reads in part:

The provisions of section 245 of the Act and this Part shall govern the adjustment of status provided for in the proviso to section 203(a)(7) of the Act . . . An alien who claims he is entitled to a preference status pursuant to the proviso to section 203(a)(7) of the Act shall execute and attach to his application for adjustment of status Form I-590A, Application for Classification as a Refugee under the proviso to section 203(a)(7), Immigration and Nationality Act. The determination as to whether an alien is entitled to the claimed preference shall be made by the district director; no appeal shall lie from his determination.

This application on Form I-590A for classification as a refugee is not physically accompanying an application on Form I-485 for status as a permanent resident. The later application, however, may be made only to the Special Inquiry Officer in the deportation proceeding when, as here, an order to show cause has been served (8 CFR 245.2). The Special Inquiry Officer suggested the submission of the present application and indicated that upon its approval, he would entertain an application on Form I-485. Under these circumstances, we find the application for preference classification as a refugee is properly before this Service.

Counsel has submitted an extensive brief for our consideration. He alleges the applicant underwent physical persecution "even at the age of a year and half" and as a small child because of the conviction and imprisonment in Yugoslavia of her father for crimes against the state, and the resultant hardships to his wife and the applicant. Counsel further states that during her school years she was subjected to ridicule arising from her father's conviction as well as the family's religion. The brief deals for the most part, however, with the general situation of many years duration in Yugoslavia upon which the applicant's present unwillingness to return to that country is based.

Section 203(a)(7) of the Immigration and Nationality Act, as amended, provides, so far as pertinent here:

Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any

non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, . . . and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, . . . PROVIDED, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

The denial of this application by the District Director is based on his conclusion that the applicant has failed to establish that upon her return to Yugoslavia she *would be subject to persecution* on account of race, religion or political opinions. The ground as stated in his decision is not appropriate. The statutory requirement with respect to possible return to her homeland is that she satisfy the officer of this Service that she is *"unable or unwilling to return"* on account of race, religion, or political opinion. (Underscoring supplied.) The applicant has stated on Form I-590A that she is unwilling to return to Yugoslavia because of her political and religious convictions. For the reason stated below, we need not make a determination on this issue.

The use of the conjunction "and" between clause (i) and clause (ii) of section 203(a) (7) of the Act makes it clear that the applicant must in any event meet the requirement of clause (i) by establishing satisfactorily that she has fled from a Communist or Communist-dominated country or area "because of persecution or fear of persecution on account of race, religion, or political opinion."

The applicant testified on November 16, 1964 that she had never been subject to persecution, and that the only thing was a threat she would be expelled from school if she went to church. The threat was not carried out. In her present application she says she entered the United States as a student January 23, 1961; that while in the United States she followed developments in Yugoslavia; that during her stay here she learned her parents' living conditions and the political situation in Yugoslavia had become more unfavorable; that she then decided to stay permanently in the United States; and that on or about June 18, 1964 she requested permanent residence in a letter addressed to the President. During the interview on this application, she executed an affidavit in which she states that she entered the United States primarily to study and attend school; that after two years in this country she realized the meaning of freedom and decided then she did not wish to return to Yugoslavia; and that now she does not want to return. These statements of the applicant are supported by her testimony on October 22, 1964 before the Special Inquiry Officer indicating her understanding that return passage had been arranged when she came

42

to the United States. In addition, the applicant was in possession of a Yugoslav passport issued on September 28, 1960 with an exit and re-entry visa when she arrived in the United States on January 23, 1961. Subsequently she applied to the Yugoslav authorities and obtained extensions of her Yugoslav passport and visa on March 30, 1962 and March 17, 1964. Her actions in obtaining those extensions constitute further evidence that she was not fleeing (as required by section 203 (a) (7)) from Yugoslavia when she departed from that country, that she in fact departed from Yugoslavia with the intention of returning to that country, and that her change of intention in that regard was formulated at a considerable time after her departure from Yugoslavia.

After careful consideration of the entire record, we find that the evidence does not establish that the applicant fled from Yugoslavia because of persecution or fear of persecution on account of race, religion or political opinion. Since she does not meet the statutory requirement, the application must be denied.

*It is ordered* that the application be and the same is hereby denied.